UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| ANNE BREAUD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 1:15-cv-0053 |
| v. | ) Magistrate Judge Bryant[1] |
| | ) **Jury Demand** |
| DARREN BREAUD; BRIANT HUNT; | ) |
| OFFICER TOMMY S. McCLANAHAN; | ) |
| CITY OF CENTERVILLE; HICKMAN | ) |
| COUNTY, TENNESSEE; JOHN DOE; | ) |
| and RICHARD DOE, | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

Pending before the Court are several Motions to Dismiss. (Docket Entries 10, 15, 24, and 30). Two of these Motions were filed in response to the Plaintiff's Original Complaint. (Docket Entries 10 and 15). Since the Plaintiff subsequently filed an Amended Complaint, the earlier Motions to Dismiss (Docket Entries 10 and 15) are **DENIED AS MOOT**. The remaining Motions to Dismiss (Docket Entries 24 and 30) are **DENIED** for the reasons stated herein.

### I. Statement of the Case

The Plaintiff's Amended Complaint alleges the following facts. On June 14, 2014, Defendant Hunt saw the Plaintiff's vehicle in Lewis County, Tennessee. (Docket Entry 21 ¶ 7-8). Defendant Hunt telephoned Defendant Breaud, the Plaintiff's husband, and reported this observation. (Docket Entry 21 ¶ 8). In an attempt to influence the Plaintiff's and Defendant Breaud's ongoing divorce proceedings, Defendants Hunt and Breaud allegedly discussed having the Plaintiff stopped and arrested for driving under the influence while the Plaintiff drove to Centerville, Tennessee that same day. (Docket Entry 21 ¶ 9). The Plaintiff alleges that

---
[1] Upon consent of the parties, this lawsuit is proceeding before the Magistrate Judge. (Docket Entry 40).

1

Defendants Hunt and Breaud made no attempt to call 911 or report any suspected criminal activities to Lewis County law enforcement officers. (Docket Entry 21 ¶ 10).

Instead, the Plaintiff alleges, Defendant Hunt and/or Breaud contacted a John Doe in Lewis County by telephone to obtain assistance in having the Plaintiff stopped and arrested. (Docket Entry 21 ¶ 10). This John Doe allegedly contacted a Richard Roe in Hickman County to obtain assistance in the stop and arrest. (Docket Entry 21 ¶ 11). According to the Plaintiff, Richard Roe gave either John Doe or Defendant Breaud the cell phone number for Defendant McClanahan, a police officer employed by the City of Centerville Police Department in Hickman County. (Docket Entry 21 ¶ 2(a), 12). The Plaintiff alleges that John Doe, Richard Roe, or Defendant Breaud called Defendant McClanahan's cell phone and requested that the Plaintiff be stopped and arrested once the Plaintiff reached Centerville. (Docket Entry 21 ¶ 13).

As soon as the Plaintiff drove within the Centerville City limits, Defendant McClanahan stopped her and then arrested her for (1) driving under the influence based on his communications with the other individual Defendants and (2) possession of a controlled substance because the Plaintiff's car contained Defendant Breaud's prescription drugs. (Docket Entry 21 ¶ 14-15). The Plaintiff alleges that this was done without reasonable suspicion, probable cause, or any other legal justifications. (Docket Entry 21 ¶ 14). Additionally, the Plaintiff alleges that Defendant McClanahan contacted the other individual Defendants using his cell phone to confirm that he had stopped and arrested the Plaintiff. (Docket Entry 21 ¶ 14).

Once the Plaintiff was jailed at the Hickman County Jail, she was strip searched. (Docket Entry 21 ¶ 17). Although the Plaintiff had made arrangements for bond within two hours of arriving at the Hickman County Jail, she was kept in custody for almost eight hours. (Docket Entry 21 ¶ 19). The Plaintiff alleges that in connection with her arrest, Defendant McClanahan

obtained arrest warrants by falsely stating that the Plaintiff had failed to complete field sobriety tests and bore other signs of being under the influence as well as neglecting to note that the prescription drugs in the Plaintiff's car belonged to the Plaintiff's husband. (Docket Entry 21 ¶ 20). The charges against the Plaintiff were dismissed after Defendant McClanahan failed to appear at the General Sessions Court on May 28, 2015. (Docket Entry 21 ¶ 21).

The individual Defendants are sued under 42 U.S.C. § 1983 for conspiring to have the Plaintiff stopped, detained, and arrested without probable cause in violation of her Fourth Amendment rights. (Docket Entry 21 ¶ 23).[2] Defendants Hunt and Breaud moved to dismiss the claims against them under the Original Complaint (Docket Entries 10 and 15) and under the Amended Complaint (Docket Entries 24 and 30). The Plaintiff responded to the first batch of Motions to Dismiss on July 24, 2015 (Docket Entry 19) and relies upon the same Response to oppose the Defendants' newer Motions to Dismiss (Docket Entry 33). No replies have been filed. The Defendants' Motions to Dismiss (Docket Entries 24 and 30) are properly before the Court.

## II.     Standard of Review

"To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A motion to dismiss should be granted "when there is no reasonable likelihood that [the plaintiff] can construct a claim from the events related in the complaint." *16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 504 (6th Cir. 2013). Legal conclusions, as opposed to factual allegations, will not suffice. *Bright v. Gallia Cty., Ohio*, 753 F.3d 639, 652 (6th Cir. 2014). In ruling on a Rule 12(b)(6) motion, the complaint in construed "in the light

---

[2] While the Plaintiff has also filed additional claims against the City of Centerville and Hickman County, those Defendants have not moved to dismiss, and the claims against these Defendants are not discussed herein.

most favorable to the plaintiff." *Laborers' Local 265 Pension Fund v. iShares Trust*, 769 F.3d 399, 403 (6th Cir. 2014).

### III. Analysis

Defendants Hunt and Breaud are sued under 42 U.S.C. § 1983 for alleged Fourth Amendment violations. (Docket Entry 21 ¶ 23). To pursue a claim under § 1983, a plaintiff must allege that (1) a defendant acting under the color of state law (a "state actor") (2) violated the plaintiff's constitutional or other federal rights. 42 U.S.C. § 1983; *Bright*, 753 F.3d at 653. Defendants Hunt and Breaud contend that the § 1983 claims against them should be dismissed because they are not state actors for purposes of § 1983. (Docket Entries 24 and 30).

In most instances where a private individual is sued under § 1983, whether the individual should be considered a state actor is determined by three tests. *Revis v. Meldrum*, 489 F.3d 273, 289 (6th Cir. 2007); *Memphis, Tennessee Area Local, Am. Postal Workers Union, AFL-CIO v. City of Memphis*, 361 F.3d 898, 905 (6th Cir. 2004). However, these tests are not utilized when the plaintiff has put forth "allegations of cooperation or concerted action between state and private actors." *Memphis, Tennessee Area Local, Am. Postal Workers Union, AFL-CIO*, 361 F.3d at 905 (citations omitted). In these instances, state action may be grounded in allegations of a civil conspiracy. *Revis*, 489 F.3d at 292. The Sixth Circuit has set forth the standards for finding such a civil conspiracy:

> A civil conspiracy is an agreement between two or more persons to injure another by unlawful action. Express agreement among all the conspirators is not necessary to find the existence of a civil conspiracy. Each conspirator need not have known all of the details of the illegal plan or all of the participants involved. All that must be shown is that [(1)] there was a single plan, [(2)] that the alleged coconspirator shared in the general conspiratorial objective, and [(3)] that an overt act was committed in furtherance of the conspiracy that caused injury to the complainant.

*Hooks v. Hooks*, 771 F.2d 935, 943-44 (6th Cir. 1985); *see also Bazzi v. City of Dearborn*, 658 F.3d 598, 602 (6th Cir. 2011).

4

The Plaintiff's Amended Complaint sets forth sufficient factual allegations of a civil conspiracy to survive Defendants Hunt and Breaud's Motions to Dismiss. Numerous individuals are named in this alleged civil conspiracy: Defendants Hunt, Breaud, Doe, Roe, and McClanahan. (Docket Entry 21 ¶ 23). As set forth in the Amended Complaint, the Plaintiff alleges that the individual Defendants conspired to injure the Plaintiff through an unlawful stop and arrest. (Docket Entry 21 ¶ 9, 23). The Plaintiff has alleged that this conduct was the result of a single plan. (Docket Entry 21 ¶ 9). Additionally, the Plaintiff has alleged that the coconspirators shared in this objective. (Docket Entry 21 ¶ 9-15, 20-21). For instance, Defendant McClanahan, a police officer, is alleged to have participated in this conspiracy by stopping and arresting the Plaintiff at a Defendant's request and by falsifying applications for arrest warrants in furtherance of the conspirators' objective. (Docket Entry 21 ¶ 13-15, 20-21). Last, the Plaintiff was indeed stopped and arrested by Defendant McClanahan, allegedly in furtherance of the conspiracy. (Docket Entry 21 ¶ 14-15).

At this stage of the lawsuit, the Amended Complaint is read in the light most favorable to the Plaintiff. The factual assertions in the Amended Complaint, if accepted as true, raise a plausible claim of a civil conspiracy amongst the individual Defendants. This in turn suggests a finding of state action on the individual Defendants' parts. The Defendants' Motions to Dismiss (Docket Entries 24 and 30) are **DENIED**.

It is so **ORDERED**.

/s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge